CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 26 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAYMOND C. EVANS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06cv00315 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Raymond C. Evans, a federal inmate proceeding pro se, brings this action, claiming that prison officials are violating his due process rights by transferring him to another facility. Evans styles his suit as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; however, the court construes it as a due process claim brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1]  The court finds that Evans has failed to state a claim for which the

---

[1] Evans claims only that prison officials have advised him that he will be transferred from USP Lee to the USP Marion Control Unit for "diagnosis." Evans does not claim that this transfer will in any way affect the duration of his sentence. Therefore, habeas relief is unavailable to him. See Presier v. Rodriguez, 411 U.S. 475, 484 (1973)(holding that challenges to the validity of confinement or the particulars of its duration are properly raised in a habeas corpus action); Muhammad v. Close, 540 U.S. 749, 754-55 (2004)(finding that plaintiff's claim alleging an improper disciplinary conviction which did not actually affect the duration of his sentence failed to raise a cognizable claim for habeas relief)

The court recognizes that the Supreme Court has suggested that there may be occasions when conditions of confinement are so onerous as to effect a sentence beyond that authorized by law and that, on those occasions, habeas relief may be available. See Presier, 411 U.S. at 499 (finding that "[w]hen an inmate is put under additional and unconstitutional restraints during lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal"). However, the Supreme Court has specifically held that a transfer between incarceration facilities or from a general population unit to a segregation unit, without more, does not constitute an atypical hardship or penalty. Sandin v. Conner, 515 U.S. 472 (1995). Accordingly, the court finds that Evans may not proceed with a habeas petition.

Further, were the court to analyze his claim under § 2241, it would still dismiss his suit. Evans complains only that prison officials have advised him that he will be transferred to another facility. He does not argue that the conditions there are significantly different from or more onerous than those experienced at his current place of incarceration or by other prisoners. Thus, he has not sufficiently alleged that his conditions have rendered his sentence and custody illegal. See Presier, 411 U.S. at 499.

court may grant relief and therefore dismisses Evans' petition pursuant to 28 U.S.C. § 1915A.

"In order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). An inmate does not have a liberty interest in being housed at a particular institution or in avoiding isolation or separation from the general prison population unless the proposed transfer will subject the inmate to exceptionally more onerous living conditions, such as those experienced by inmates at a "Supermax facility." Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that, despite general rule that an interprison transfer does not implicate the Due Process Clause, transfer to a so-called "Supermax" facility at which prisoner would experience exceptionally more onerous conditions did implicate the Due Process Clause); Bevarti, 120 F.3d at 502; Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in *any* of its prisons") (emphasis in original); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (holding that a mere transfer from one facility to another does not implicate the Due Process Clause, regardless of whether the transfer is the result of the inmate's misbehavior or is punitive in nature); Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (holding that placement in punitive isolation was not atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). Thus, Evans does not have a liberty interest in being incarcerated in any particular facility, and, therefore, has not stated a due process claim. Accordingly, the court dismisses his action pursuant to 28 U.S.C. § 1915A.

**ENTER:** This 26th day of May, 2006.

_____
United States District Judge